UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                  )
                                        )
    CORDELIA OBIAGELI NWONWU       )    Case No. 11-12608-SSM
                                        )    Chapter 13
                  Debtor        )

**MEMORANDUM OPINION**

Before the court are (a) the objection of Thomas P. Gorman, standing chapter 13 trustee, to confirmation of the plan filed by the debtor on April 21, 2011; (b) the motion of the trustee to dismiss the debtor's case; and (c) the motion of American Home Mortgage Servicing, Inc., for relief from the automatic stay in order to enforce a deed of trust against real property located at 10189 Farragut Court, Manassas, Virginia. A hearing was held on June 29, 2011. The debtor was present in person and represented herself. American Home Mortgage was present by counsel. The chapter 13 trustee was present in person. At the conclusion of the hearing, the court took the issues under advisement and is now prepared to rule.[1] For the reasons stated, the court will grant the motion to dismiss, thereby mooting the objection to confirmation and the motion for relief from the automatic stay.

Background

The present case was commenced on April 8, 2011, by the filing of a voluntary petition for adjustment of debts under chapter 13 of the Bankruptcy Code. This is the *ninth* bankruptcy

---

[1] The court originally continued the motions to July 27, 2011, but at the debtor's request further continued them to August 10, 2011, unless a written opinion was sooner issued.

case filed by the debtor in the last 12 years and the *third* in the last three years.[2]  The most recent prior case was voluntarily dismissed on February 5, 2010, after the debtor successfully negotiated a loan modification with American Home Mortgage, which services a loan secured by a deed of trust against a townhouse she owns at 10189 Farragut Court, Manassas, Virginia.  That property had been heavily damaged by fire in 2005.  The insurance proceeds had been paid to American Home Mortgage, which, however, has released only a portion of them to the debtor to pay for repairs to the property, which remains uninhabitable.

On her schedules, the debtor—who describes herself as a self-employed registered nurse/entrepreneur— values the Farrgut Court property at $137,500.  American Home Mortgage has filed a proof of claim in the amount of $270,787, inclusive of $11,265 in prepetition arrears.  The debtor's plan, filed on April 21, 2011, has not yet been confirmed.  It requires the debtor to pay the chapter 13 trustee $150.00 per month for 48 months, followed by $417 per month for 12

---

[2] The debtor's filings may be summarized as follows:

| Case No. | Filing Date | Chap. | Disposition |
|---|---|---|---|
| 98-15188 | 07/10/98 | 7 | Discharge 10/28/98 |
| 00-13600 | 08/29/00 | 13 | Dismissed 1/10/01 |
| 01-10944 | 03/07/01 | 13 | Plan confirmed; dismissed 7/10/02 |
| 02-84837 | 09/26/02 | 13 | Dismissed 10/15/03 for payment default |
| 03-15669 | 12/18/03 | 13 | Plan confirmed and completed; discharge 1/13/05 |
| 06-10424 | 05/01/06 | 13 | Plan confirmed; dismissed 6/14/07 for payment default |
| 08-16987 | 11/08/08 | 13 | Converted to chap 7; discharge 6/3/09 |
| 09-14369 | 06/01/09 | 13 | Plan confirmed; voluntarily dismissed 2/5/10 |
| 11-12608 | 04/08/11 | 13 | Present case |

months, for a total of $12,202. From this, the trustee would pay his own statutory compensation and an estimated $9,527 arrearage claim to American Home Mortgage in $120 installments for 48 months, followed by 12 installments of $314 each. The regular monthly payments of $1,588 would be made to American Home Mortgage directly by the debtor. The estimated dividend on unsecured claims is 5 cents on the dollar, with the unsecured claims of Second Irongate Community Association and "GIVF" being shown as separately-classified, but without any specific provision as to how they would be paid.[3] The plan includes a motion to avoid a lien of Second Irongate under § 522(f), Bankruptcy Code, based on a claimed $1,500 exemption for "non-access of parking space."

## Discussion

The chapter 13 trustee has objected to confirmation of the plan based on lack of feasibility, lack of good faith, omission of rental income from her means test form, failure to file her 2010 tax return, and failure to provide proof of her social security number. The trustee also filed a motion to dismiss the debtor's case with prejudice for cause on the ground that this is her ninth bankruptcy filing and appears to have been filed simply to invoke the automatic stay in order to stop a foreclosure. American Home Mortgage filed a motion for relief from the automatic stay "with prejudice" (i.e., with preclusive effect in the event of a future bankruptcy filing). The motion recites a history of five scheduled foreclosure sales stayed by bankruptcy filings, and the debtor's failure in her earlier cases to comply with agreed orders conditioning the

---

[3] Second Irongate Community Association has filed an unsecured claim in the amount of $2,378. Genetics and IVF Institute has not filed a proof of claim, but the claims bar date will not run until August 15, 2011, for non-governmental creditors and October 5, 2011, for governmental creditors.

automatic stay.

    A. <u>The Motion to Dismiss</u>

Under § 1307(c), Bankruptcy Code, a court may dismiss a chapter 13 case, or convert it to a case under chapter 7, for "cause." The statute sets forth a number of specific circumstances (none of which are applicable here) that would constitute cause, but the statutory list is not exclusive. Here, the trustee relies on the debtor's prior record of filings and the fact that she is not entitled to a discharge in this case, having received a chapter 7 discharge in a case filed within four years of the present case. § 1328(f), Bankruptcy Code. It is true, of course, that the Bankruptcy Code—although it contains a number of provisions that address multiple or successive filings—sets no absolute limit on the number of petitions that a debtor may file. It is also true that the mere fact that a debtor is not eligible for a discharge does not preclude chapter 13 relief, but is merely one factor to be considered in the good faith analysis in connection with plan confirmation. *Branigan v. Bateman (In re Bateman)*, 515 F.3d 272 (4th Cir. 2008). At the same time, the number of filings by this debtor may well set a record for this district. More worrisome, only one of the seven prior chapter 13 cases filed by the debtor—and *none* of the three cases filed since the Farragut Court property was damaged by fire—has resulted in the completion of a plan. The most recent case, to be sure, was voluntarily dismissed when the debtor and American Home Mortgage agreed to a loan modification; but the debtor's inability after the case was dismissed to make even the reduced payments required by the modification raises grave concerns as to the debtor's ability to complete a chapter 13 plan that requires her to make the ongoing mortgage payments while curing the arrears through the plan.

The debtor, moreover, has no equity in the property and in its present condition cannot

4

reside in it. Although the debtor has a heavy emotional investment in the Farragut Court property, and is genuinely desirous of saving it, there would be no objective financial benefit to her in doing so. More importantly, there is no evidence that she has the present financial ability to bring her payments current through a chapter 13 plan. Put another way, good intentions and a determined work ethic are not enough. The proposed plan provides for only nominal payments during the first 48 months, at the end of which only approximately half of the filed mortgage arrearage claim would have been paid. The plan is entirely dependent for its success on a dramatic increase in the debtor's earnings in the final year sufficient to pay the remainder of the arrears. Additionally, since the debtor is not entitled to a discharge, any plan, in order to satisfy the good faith requirement for confirmation, would have to pay allowed unsecured claims in full.

The debtor's income remains a largely unknown quantity. Although the debtor has completed a degree program and has been licensed as a registered nurse, she has been unable to find a position. Her sole source of income at this time comes from driving a taxi cab part time and from operating a bread-and-breakfast hostel from property she rents in the District of Columbia. The hostel operation, she stated, is highly seasonal and produced little income in April and May.

When there are no prior filings, the court is inclined in a close case to give the debtor the opportunity to demonstrate, by performance, that he or she is able to make the payments required by the plan. But when, as here, there have been numerous prior filings, the court has less reason to require creditors to bear the risk of non-payment, particularly when, as here, the sole purpose of the plan is to allow the debtor to retain property in which she has no equity. Although the court recognizes the debtor's emotional attachment to the property, at bottom some economic

purpose must be served by its retention, or, at the very least, there must be a <u>clear</u> showing that the debtor has the ability to cure the defaults.  Given that the most the debtor can apparently pay at this time is $150 per month–which is insufficient, even over five years, to cure the mortgage arrears–the court can only conclude that invocation of chapter 13 for the sole purpose of staying foreclosure in the hope, even if sincere, that the debtor's financial condition will improve at some point in the future, is not appropriate.  For that reason, the court determines that cause exists to dismiss the debtor's case with prejudice to refiling for a period of six months.  A longer period of ineligibility does not appear to be warranted in this case, given that more than a year elapsed between the dismissal of the prior case and the commencement of this case, and given the lack of any actual intent to abuse the bankruptcy process.

    B.  <u>The Objection to Confirmation</u>.

Because the court will grant the motion to dismiss the case, only brief comment is necessary with respect to the objection to confirmation.  As proposed, the funding of the plan is insufficient to pay the filed arrearage claim of American Home Mortgage, let alone the filed unsecured claim of Second Irongate Community Association, which (because the debtor is not eligible to receive a discharge) must be paid in full.  Assuming no further claims are filed, the funding shortfall is $2,659.[4]  Were the issue solely one of arithmetic, the shortfall could be

---

[4] The calculations are as follows:

| | | | |
|---|---|---|---|
| <u>Payments In</u> | | | |
| $ 150 | 48 | | $7,200 |
| $ 417 | 12 | | $5,004 |
| Total | | | $12,204 |
| | | | |
| <u>Payments Out</u> | | | |
| Trustee's Comm'n | | | $1,220 |

remedied by increasing the plan payments. But it does not appear that the debtor has the ability at this time to pay more than the $150 per month that she has committed to the plan, and there is simply no evidence to support even the "step-up" to $417 per month at the beginning of year five, let alone the additional $2,659 that would be needed to make the plan work. While "step-up" plans are not prohibited, there must be some objective and reasonable basis for the court to find that the debtor will be able to make the increased payments when they become due. That evidence is lacking here. Accordingly, even if the case were not dismissed, the court would be compelled to deny confirmation of the present plan.

      C. <u>The motion for relief from the automatic stay</u>.

The motion for relief from the automatic stay with prejudice relies largely on the same grounds as the trustee's motion to dismiss, augmented by the consideration that the debtor's multiple filings have stayed five different foreclosures, thereby triggering § 362(d)(4), Bankruptcy Code. That section sets forth, as one ground for relief from the automatic stay with respect to an act by a secured creditor against real property, a finding by the court "that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." An order granting relief under § 362(d)(4), if properly recorded in the land records, is binding in any case filed within two years after the entry of the order, but subject to the debtor's right to move for relief from the order based upon changed circumstances or for good cause shown. *Id*. Here, there have certainly been

---

|  |  |
|---|---|
| Mort. Arrears | $11,265 |
| Unsecured | $ 2,378 |
| Total | $14,863 |
|  |  |
| Shortfall | $(2,659) |

multiple bankruptcy filings affecting the property. Only one of the thwarted foreclosure sales, however, has been scheduled since the loan modification was agreed to. As noted, more than a year has elapsed between the dismissal of the last case and the filing of this case. Although, based on her current financial circumstances, the debtor is unable to propose a feasible plan that would cure the arrears within the maximum five-year plan period, the court believes the debtor is sincere in believing that with hard work, she would somehow be able to cure the arrears. Additionally, the debtor's inability to use the property for productive purposes (such as by renting it out) resulted from circumstances beyond her control, and has been exacerbated by American Home Mortgage's refusal to release the insurance proceeds for the purposes of repairing the property. For those reasons, the court declines to enter an order under § 362(d)(4) that would be binding in a future case.

     Be that as it may, dismissal of this case will terminate the automatic stay with respect to enforcement of the deed of trust. § 362(c)(1), (2), Bankruptcy Code. And if the debtor files a new case after 180 days, but prior to one year after the dismissal of this case, the automatic stay will expire after 30 days unless the court extends the automatic stay based on a finding that the new case has been filed in good faith. § 362(e)(3), Bankruptcy Code. In connection with any such motion, American Home Mortgage, having brought the present motion for relief from the automatic stay, would have the benefit of a statutory presumption that the new case had *not* been filed in good faith, *see* § 362(c)(3)(C)(ii), Bankruptcy Code, and the debtor would have the burden of overcoming that presumption by clear and convincing evidence.

A separate order will be entered consistent with this opinion.

Date: _____  _____
Stephen S. Mitchell
Alexandria, Virginia                                         United States Bankruptcy Judge

Copies to:

Cordelia Obiageli Nwonwu
2413 Benning Rd., N.E.
Washington, DC 20002
Debtor *pro se*

Thomas P. Gorman, Esquire
300 N. Washington St., Suite 400
Alexandria, VA 22314
Chapter 13 Trustee

Andrew T. Rich, Esquire
1601 Rolling Hills Drive
Suite 125, Surry Building
Richmond, VA 23229
Counsel for American Home Mortgage Servicing, Inc.